UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| RAYMOND ANGELIN | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-15189 |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA | SECTION "R" (3) |

# ORDER AND REASONS

Before the Court are cross motions for summary judgment filed by Plaintiff Raymond Angelin and defendant The Insurance Company of the State of Pennsylvania (ICSP). Because the Court finds that Angelin's employer executed a valid waiver of uninsured motorist coverage, ICSP's motion is granted and Angelin's motion is denied. Accordingly, Angelin's claims are dismissed with prejudice.

## I. BACKGROUND

Plaintiff Raymond Angelin works for Cross Road Centers Transportation, Inc.[1] As part of his job, Angelin drives Cross Road's 2015 Volvo tractor trailer truck.[2] Cross Road maintained an auto insurance policy

---

[1] R. Doc. 1-1 at 4.
[2] *Id.*

with defendant The Insurance Company of the State of Pennsylvania (ICSP) for the period of March 1, 2015 to March 1, 2016.[3]

Angelin alleges that he was injured on August 2, 2015 when an uninsured or underinsured motorist sideswiped the Volvo truck.[4] According to Angelin, he was driving the truck within the course and scope of his work for Cross Road at the time of the accident.[5] Angelin alleges that, under Cross Road's auto insurance policy, ICSP is to liable Angelin for the motorist's negligence.[6] Angelin seeks compensation for damages including medical expenses, lost wages, and pain and suffering.[7]

Angelin sued ICSP in the 24th Judicial District Court for the Parish of Jefferson.[8] ICSP removed to this Court on October 13, 2016.[9] The parties have filed dueling motions for summary judgment on the issue of whether Cross Road's auto insurance policy with ICSP includes uninsured motorist coverage.[10]

---

[3] R. Doc. 11-5 at 3; R. Doc. 18-5 at 2.
[4] R. Doc. 1-1 at 4.
[5] *Id.*
[6] *Id.* at 5-6.
[7] *Id.* at 5.
[8] *Id.* at 4.
[9] R. Doc. 1.
[10] R. Doc. 11; R. Doc. 18.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

The parties' dispute is a narrow one. Both sides agree that Cross Roads, through its legal representative Robert Gadola, executed an "Uninsured/Underinsured Motorist Bodily Injury Coverage Form."[11] Gadola initialed in the space next to the sentence "I do not want UMBI coverage" and signed and dated the bottom of the page.[12] Despite this clear evidence of intent to waive uninsured motorist coverage, Angelin argues that the waiver is ineffective because the waiver form does not state the relevant policy number.

Under Louisiana Law, every automobile liability policy offers implicit coverage for uninsured motorists, even if the contract does not explicitly address the issue. *Duncan v. U.S.A.A. Ins. Co.*, 950 So. 2d 544, 547 (La. 2006). A motorist may waive uninsured motorist coverage, but the waiver must be "clear and unmistakable" and "the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage." *Id.*

Louisiana Revised Statute 22:1295 provides that uninsured motorist coverage may be waived only by way of "a form proscribed by the

---

[11] R. Doc. 18-4.
[12] *Id.*

commissioner of insurance." The Louisiana Supreme Court has held that, for a waiver to be effective, the contracting parties must complete six "tasks":

> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

*Duncan*, 950 So. 2d at 551.

The Louisiana Supreme Court has, however, recognized an exception to these requirements. In *Carter v. State Farm Mutual Automobile Insurance Company*, an insured executed an uninsured motorist waiver form before the insurer had generated a policy number. 964 So. 2d 375, 376 (La. 2007). The court held that the waiver was valid and lawful because "the Commissioner of Insurance's regulations specifically allow omission of the policy number if it does not exist at the time the [uninsured motorist] waiver form is completed." *Id.*; *see also Kurz v. Milano*, 6 So. 3d 916, 920 (La. App. 4 Cir. 2009) ("[S]ince *Duncan*, the Louisiana Supreme Court has concluded that filling in the policy number is not essential to a valid UM coverage waiver where the evidence establishes that no policy number was available at the time of the execution of the UM coverage form.").

6

Here, the evidence before the Court shows that no policy number was available when Gadola signed the waiver form. ICSP submits an affidavit from Sherri Wright, a Business Insurance Account Manager with AWS insurance.[13] Wright attests that AWS is Cross Road's insurance agent, and that "at the time that Robert Gadola executed the [waiver form], no policy number was available as the coverage had not yet been bound, and neither the [auto insurance] policy nor the [auto insurance] policy number had been issued or made available by the insurer."[14] Angelin provides no evidence tending to contradict this assertion. Furthermore, in accordance with Local Rule 56.1, ICSP included a Statement of Uncontested Material Facts with its motion for summary judgment.[15] The Statement similarly asserts that no policy number existed at the time the waiver was signed.[16] Angelin offers no statement challenging this factual assertion, and it is therefore deemed admitted. *See* Local Rule 56.2.

Accordingly, the Court finds that no policy number was available when Gadola executed the uninsured motorist waiver. Therefore, as made clear in *Carter*, no policy number was required. Because the form fulfills the rest of

---

[13] R. Doc. 18-4 at 1-2.
[14] *Id.* at 2.
[15] R. Doc. 18-5.
[16] *Id.*

the *Duncan* requirements, it is a valid waiver of uninsured motorist coverage under Louisiana law. ICSP is therefore entitled to summary judgment on Angelin's uninsured motorist claim.

## IV. CONCLUSION

For the foregoing reasons, defendant The Insurance Company of the State of Pennsylvania's motion for summary judgment is GRANTED and plaintiff Raymond Angelin's partial motion for summary judgment is DENIED. Angelin's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __26th__ day of April, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE